Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000184
13-NOV-2015
08:08 AM

NO. CAAP-15-0000184

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF DW

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 13-00057)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Father-Appellant (**Father**) appeals from the Order Terminating Parental Rights entered on March 9, 2015, in the Family Court of the First Circuit (**Family Court**),[1] which terminated Father's parental rights to his child (**DW**).

On appeal, Father challenges the Family Court's Findings of Fact (**FOFs**) 62, 71, 87, 91, 92, 97, 98, 100, and 109, and Conclusion of Law (**COL**) 10, and contends there was not clear and convincing evidence that Father could not provide a safe family home within a reasonable period of time, even with the assistance of a service plan. Father argues, *inter alia*, that due to late service of the summons and his delayed appearance in the proceeding, he was not provided with a reasonable opportunity to comply with services.

---

[1] The Honorable Steven M. Nakashima presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's point of error as follows:

DW entered foster care on April 9, 2013, after being taken into protective custody within days of his birth. From at least April 2013, Father knew that DW was in foster custody, there was a court case pending regarding his child, and that Father needed to participate in services. Although the Department of Human Services (DHS) filed a Summons seeking Father's appearance at a June 3, 2013 hearing, DHS was unable to serve Father with the Petition and Summons, even though Father had agreed to call the server to make arrangements to be served. Father made his first appearance on January 2, 2014, pursuant to a Summons that was served on him on October 10, 2013, while he was in custody at the Oahu Community Correctional Center (OCCC).

At the time of Father's first appearance in January 2014, he was apparently still incarcerated in OCCC. Pursuant to a September 2013 Service Plan, which was explained to Father at the January 2014 hearing, Father stipulated to and was ordered to participate in the service plan which included substance abuse testing, remaining drug free, participation in parenting/outreach home based services, and completion of a psychological evaluation after 90 days of sobriety. Father did not participate in any services while he was incarcerated. After Father was released in April 2014, he failed to immediately contact DHS, notwithstanding DHS instructions to do so. Although Father participated in substance abuse treatment after being released, Father relapsed, and became homeless, until approximately September or October 2014 when he entered residential, followed by intensive outpatient, substance abuse treatment. Father did not start regular visitation with DW until December 2014.

At the March 9, 2015 trial, Iwalani Lum (Lum), a DHS social worker, testified that Father was not presently willing and able to provide a safe family home and was unlikely to become willing and able to provide a safe family home within a

reasonable amount of time, not to exceed two years from April 9, 2013, the date DW entered foster care. Lum testified that in order to reunify, Father would have to provide a home, participate in hands-on parenting, demonstrate what he learned, be consistent with visitation, and provide a sober lifestyle with supportive family members.

Lum stated that Father had not demonstrated that he could be clean and sober outside of a structured treatment environment and that he would need four to six months before being clinically discharged from substance abuse treatment. Father was also required to be at the clean and sober house while participating in his treatment program, which did not allow children in the house. Thus, Father could not provide a physical home to DW  Father also missed his psychological examination, which had been scheduled for February 11, 2015. Father was on a wait list for parenting classes. In Lum's opinion, it would take Father a year or more to reunify with DW, roughly three years from when DW had been placed in foster custody, and that providing additional time would not be in the best interest of DW, who was not bonded to Father as a parent, although they had been beginning to develop a relationship through visitation.

In sum, Father failed to participate in any services while incarcerated, relapsed into drug use after his release, failed to participate in or complete any services according to his service plan during the time he was not incarcerated from January 2014 to March 2015, was in intensive outpatient substance abuse treatment at the time his parental rights were terminated, and could not provide a family home to DW  In addition, it would take Father an additional four to six months to be clinically discharged from substance abuse treatment, which would only address his drug use issue. Upon review, the record contains substantial evidence in support of the challenged FOFs. For these reasons, we conclude that there was clear and convincing evidence that Father was not willing and able to provide a safe family home to DW, even with the assistance of a service plan, and the Family Court did not err in entering COL 10. Even when

Father's delayed service of process and appearance in the proceeding is considered, given that it would take an additional year or more for Father to address all of DHS's concerns, there was also clear and convincing evidence that it was not likely that Father would become willing and able to provide a safe family home in a reasonable period of time, not to exceed two years from the date DW entered foster custody on April 9, 2013.

Therefore, the Family Court's March 9, 2015 Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawaiʻi, November 13, 2015.

On the briefs:

Randal I. Shintani
for Father-Appellant

Patrick A. Pascual
Mary Anne Magnier
Jay K. Goss
Deputy Attorneys General
Family Law Division
State of Hawaiʻi
for Petitioner-Appellee
Department of Human Services

Presiding Judge

Associate Judge

Associate Judge